# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2409

_____

Hog Slat, Inc.,        *
               *
    Appellee,      *
               *  Appeal from the United States
  v.           *  District Court for the Northern
               *  District of Iowa.
Roger Ebert,        *
               *  [UNPUBLISHED]
    Appellant.     *

_____

Submitted: February 14, 2002

Filed: April 11, 2002

_____

Before BYE, HEANEY, and RICHARD S. ARNOLD, Circuit Judges.

_____

PER CURIAM.

Roger Ebert appeals the district court's[1] denial of his new trial motion and its award of attorneys' fees and prejudgment interest to Hog Slat, Inc. We affirm.

Ebert contracted with Hog Slat for the construction of a hog production facility in Minnesota. It was built, and Ebert made some installment payments under the

_____

[1]The Honorable Paul A. Zoss, United States Magistrate Judge for the Northern District of Iowa, presiding over the case with the consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

contract. Unsatisfied with Hog Slat's final product, however, Ebert refused to pay the $84,544 balance due under the contract. Hog Slat sued Ebert in state court, but Ebert removed the action to federal district court based upon diversity jurisdiction. Ebert then counter-claimed, arguing Hog Slat breached the contract first. The case was tried to a jury, which found in Hog Slat's favor and awarded it $59,544 in damages. Following entry of judgment, the court awarded Hog Slat's requested attorneys' fees and prejudgment interest.

Ebert raises three issues on appeal. First, Ebert contends the court erred in awarding prejudgment interest to Hog Slat. We review the district court's ruling on prejudgment interest for an abuse of discretion, see Frazier v. Iowa Beef Processors, Inc., 200 F.3d 1190, 1194 (8th Cir. 2000), and apply Iowa law to the award of prejudgment interest in this diversity case, see Berglund v. State Farm Mut. Auto. Ins. Co., 121 F.3d 1225, 1230 (8th Cir. 1997).

An award of prejudgment interest "reflects the lost value of the use of money awarded." In re Marriage of Baculis, 430 N.W.2d 399, 401 (Iowa 1988). Under Iowa law, such an award "is mandatory and should be awarded even when interest had not been requested." Hughes v. Burlington Northern R.R. Co., 545 N.W.2d 318, 321 (Iowa 1996). Iowa Code § 535.3 provides "[i]nterest shall be allowed on all money due on judgments and decrees of courts at a rate calculated according to section 668.13. . . ." Section 668.13.2 in turn provides "[i]f the interest rate is fixed by a contract on which the judgment or decree is rendered, the interest allowed shall be at the rate expressed in the contract. . . ."

The contract between Ebert and Hog Slat expressly provided for the recovery of interest on late payments at a fixed rate: "[i]nterest will accrue on all sums due under this Contract at the rate of 1½% per month beginning ten (10) days from the date of invoice." Neither party disputes the existence of this provision in the contract. Indeed, when the court awarded prejudgment interest on the verdict amount

($59,544), it cited this provision of the contract. Nevertheless, Ebert believes the award unjustly rewards Hog Slat because it breached the contract first by building a defective hog facility, by refusing to fix the deficiencies ($25,000 worth), and by refusing to work with Ebert to avert the eventual jury trial. We note Ebert argued these points to the jury with some success: the jury awarded Hog Slat only $59,544 in damages, $25,000 less than it sought. While properly argued to the jury, however, these points are immaterial in deciding whether the court abused its discretion in awarding prejudgment interest. Because the court awarded Hog Slat prejudgment interest at a rate expressly provided for in the contract, we discern no error.

Second, Ebert contends the court erred in denying his motion for a new trial based on its error in excluding certain testimony during trial. We review a trial court's denial of a motion for new trial for an abuse of discretion. EFCO Corp. v. Symons Corp., 219 F.3d 734, 738-39 (8th Cir. 2000). When a motion for new trial is based on rulings regarding the admissibility of evidence, the district court will not be reversed "absent a clear and prejudicial abuse of discretion." First Sec. Bank v. Union Pac. R.R. Co., 152 F.3d 877, 879 (8th Cir. 1998).

During trial, Hog Slat objected to the anticipated testimony of Nathan Ebert and Joel Hansen concerning Ebert's lost revenues. Ebert made an offer of proof after which the court sustained Hog Slat's objection. Following the verdict, Ebert filed a motion for a new trial based on the court's exclusion of that testimony. Ebert claimed the proffered testimony was not expert testimony, and thus not subject to the pre-trial order requiring notice of expert testimony, but instead was lay opinion testimony admissible under Federal Rule of Evidence 701. In denying Ebert's motion, the court concluded that "by any standard, the proffered testimony of these witnesses was totally unreliable and not properly admissible," citing Federal Rule of Evidence 104(a) and explained "[i]t was clear from this offer of proof that these witnesses were entirely unqualified to give the proffered opinions in this case, and furthermore, there was no foundation for the opinions they sought to give." Having reviewed the record,

-3-

we believe the court did not err in denying Ebert's new trial motion based on its excluding the testimony of Nathan Ebert and Joel Hansen concerning lost revenues.

Third, Ebert contends the court erred in awarding attorneys' fees to Hog Slat. "The amount of an award of attorneys' fees rests within the sound discretion of the court and we will not disturb it absent clear abuse of that discretion." Walton Gen. Contractors, Inc./Malco Steel, Inc. v. Chicago Forming, Inc., 111 F.3d 1376, 1385 (8th Cir. 1997).

In Iowa, attorneys' fees are generally not awarded as damages in the absence of a statute that specifically authorizes their recovery *or a contract provision between the parties that allows their collection*. Steckelberg v. Randolph, 448 N.W.2d 458, 463 (Iowa 1989). There was such a contract provision between Hog Slat and Ebert which allowed the prevailing party to collect attorneys' fees. As the prevailing party, Hog Slat requested $62,568.50 in attorneys' fees. The court awarded fees, but reduced the award to $38,000. Based on the record, we believe this award was reasonable.

The judgment of the district court is therefore affirmed in its entirety.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-